**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| JOHN ALLEN SMITH, ) | CV-N-06-0005-RCJ (VPC) |
| Plaintiff, ) | |
| vs. ) | **REPORT AND RECOMMENDATION OF U.S. MAGISTRATE JUDGE** |
| TED D'AMICO, ET AL., ) | |
| Defendants. ) | July 25, 2006 |

This Report and Recommendation is made to the Honorable Robert C. Jones, United States District Judge. The action was referred to the undersigned Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and LR IB 1-4. Before the court is defendants' motion to dismiss the action for failure to exhaust administrative remedies (#9). Plaintiff opposed (#10).

The court has thoroughly reviewed the record and the motion and recommends that defendants' motion to dismiss the complaint be granted without prejudice.

**I. HISTORY & PROCEDURAL BACKGROUND**

Plaintiff John Allen Smith ("plaintiff") is a prisoner at Lovelock Correctional Center ("LCC") in the custody of the Nevada Department of Corrections ("NDOC") (#13). Plaintiff's complaint concerns events that occurred while he was incarcerated at Ely State Prison ("ESP") and Nevada State Prison ("NSP")(#1). Plaintiff brings this action pursuant to 42 U.S.C. § 1983 for violations of his Eighth Amendment right against cruel and unusual punishment and his First Amendment right to freedom of religion. *Id*. Plaintiff names as defendants Ted D'Amico,

NDOC medical director, and John Does 1-20, members of the NDOC utilization review committee. *Id.*

In count I, plaintiff claims that Dr. D'Amico and John Does were deliberately indifferent to plaintiff's serious medical needs in violation of the Eighth Amendment by failing to provide plaintiff with choices of doctors and hospitals, allowing doctors to treat plaintiff when he had not been properly admitted, and failing to change doctors and hospital when it became clear that grievous medical errors had occurred, which endangered plaintiff's life. *Id.* Plaintiff alleges that he had agreed to submit to heart testing at Nevada State Prison ("NSP") with the understanding that he would not undergo any type of surgery under any circumstances. *Id.* Plaintiff contends that instead, doctors performed triple heart bypass surgery on him. *Id.* He asserts that he suffered serious complications, including organ shutdown, and at one point was clinically dead. *Id.* Plaintiff claims that portions of his skin, muscle, organs, and skeleton were removed. *Id.*

In count II, plaintiff claims that he continues to suffer extreme pain and numerous serious complications, but that he has not received adequate medical care. *Id.* He states that defendants are deliberately indifferent to his serious medical needs because they refuse to allow him access to qualified medical personnel who can properly assess his condition and prescribe treatment. *Id.*

In count III, plaintiff contends that defendants violated his First Amendment right to free exercise of religion by failing to obtain plaintiff's consent to hospitalization and surgery. *Id.* Plaintiff states that the medical procedures he underwent violate his religious beliefs. *Id.*

Defendants move to dismiss for failure to exhaust administrative remedies (#9).

## II. DISCUSSION & ANALYSIS

**A. Discussion–exhaustion of administrative remedies**

The Prison Litigation Reform Act of 1996 ("PLRA") amended 42 U.S.C. § 1997e to provide that "[n]o action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a) (2002).

Although once within the discretion of the district court, the exhaustion of administrative remedies is now mandatory. *Booth v. C.O. Churner*, 532 U.S. 731 (2001). All available remedies must be exhausted before a complaint under § 1983 may be entertained. *Id.* at 738. Those remedies "need not meet federal standards, nor must they be 'plain, speedy, and effective.'" *Porter v. Nussle*, 534 U.S. 516, 524 (2002), *citing Booth*, 532 U.S. at 739-40, n. 5. Even when the prisoner seeks remedies not available in the administrative proceedings, notably money damages, exhaustion is still required prior to filing suit. *Booth*, 532 U.S. at 741. Recent case law demonstrates that the Supreme Court has strictly construed section 1997e(a). *Booth*, 532 U.S. at 741, n.6 ("[w]e will not read futility or other exceptions into statutory exhaustion requirements where Congress has provided otherwise").

Exhaustion under section 1997e(a) is an affirmative defense. *Wyatt v. Terhune*, 315 F.3d 1108, 1119 (9th Cir. 2003). The dismissal of an action for the failure to exhaust administrative remedies is not a decision on the merits and thus is best addressed under a Rule 12(b) motion to dismiss. *Id.* "In deciding a motion to dismiss for a failure to exhaust nonjudicial remedies, the court may look beyond the pleadings and decide disputed issues of fact."[1] *Id.* at 1119-20. If the

---

[1] As noted by the *Wyatt* court, this procedure is closely analogous to summary judgment. *Wyatt v. Terhune*, 315 F.3d 1108, 1120, n. 14 (9th Cir. 2003).

1  court concludes that the prisoner has not exhausted his or her administrative remedies, the proper

2  procedure is dismissal of the claim without prejudice. *Id.* at 1120.

3        The NDOC grievance procedure is governed by Administrative Regulation ("A.R.") 740,

4  which was effective on January 5, 2004 (#9, ex. B). In order to exhaust available remedies, A.R.

5  740 requires as follows: (1) an informal review process within six months of an incident

6  involving a civil rights claim; (2) a first level formal written grievance appealing the informal

7  grievance decision to the warden; and (3) a second level grievance, which the Assistant Director

8  of Operations decides. *Id*. A.R. 740 requires NDOC officials to respond at each grievance level

9  within a specified time period, beginning from the date of receipt of the inmate's grievance. *Id*.

10 Inmates may only grieve issues for which they have standing, that is, they generally may not raise

11 issues involving harm suffered by another inmate. *Id*.

### B. Analysis

15       Plaintiff has also filed a motion to amend his complaint (#8). Defendants acknowledge

16 that a party generally is granted leave to amend pursuant to Federal Rule of Civil Procedure 15(a)

17 at any time before a responsive pleading is served (#11). However, in this case, defendants argue

18 that plaintiff had not exhausted his administrative remedies prior to filing his complaint, and

19 therefore, leave to amend would be a futile exercise. *Id*.

21       Plaintiff contends that he pursued his administrative remedies to the extent they were

22 available, arguing that defendants delayed in responding, that inmates are punished if they file the

23 next level grievance without receiving a response to the earlier level, and that defendants

24 responded to grievances with impossible demands, such as that plaintiff produce witnesses to his

25 conversations with medical staff (#10).

1   Defendants respond that plaintiff has fully pursued complaints through the grievance
2   process in the past (#9-2, Ex. A).
3   The court finds that defendants' motion to dismiss should be granted. Defendants provide
4   copies of several grievances that plaintiff did not pursue through the second level as evidence that
5   plaintiff failed to exhaust his administrative remedies prior to filing his complaint (#9-2, Ex. A,
6   attachments 1-6). In plaintiff's proposed amended complaint, he cites two grievances to
7   demonstrate that he has exhausted his administrative remedies (#8). Defendants provide these
8   grievances and admit that plaintiff has now exhausted his remedies (#9-2, Ex. A, attachments 7,
9   8).[2] However, the two grievances were completed on March 8, 2006 (#9-2, Ex. A, attachment
10  7) and March 27, 2006 (#9-2, Ex. A, attachment 8) and the court ordered plaintiff's original
11  complaint to be filed on January 12, 2006 (#2). Therefore, plaintiff provides the evidence that
12  he failed to exhaust his administrative remedies prior to filing his complaint. Accordingly, the
13  court must dismiss plaintiff's complaint without prejudice. *Booth*, 532 U.S. at 738.

Plaintiff's claims that defendants frustrated his ability to exhaust his remedies are belied by the numerous grievances he filed, by the evidence that he pursued grievances through the second level in the past, and by the fact that he subsequently has exhausted with respect to his current claims. Defendants' motion to dismiss is granted.

### III. CONCLUSION

Based on the foregoing and for good cause appearing, the court concludes that plaintiff failed to exhaust his administrative remedies before filing a § 1983 complaint. As such, the court

---

[2] Defendants provide the affidavit of NSP warden Bill Donat, which states that plaintiff exhausted his administrative remedies with respect to his Eighth Amendment claims, as well as copies of the grievance (#9-2, Ex. A and attachment 8). Defendants also provide copies of the grievance regarding alleged interference with plaintiff's mail, which indicate that plaintiff exhausted his remedies regarding that proposed claim as well (#9-2, Ex. A, attachment 7).

5

recommends that defendants' motion to dismiss (#9) be granted and that plaintiff's complaint be dismissed without prejudice.

The parties are advised:

1. Pursuant to 28 U.S.C. § 636(b)(1)(C) and Rule IB 3-2 of the Local Rules of Practice, the parties may file specific written objections to this report and recommendation within ten days of receipt. These objections should be entitled "Objections to Magistrate Judge's Report and Recommendation" and should be accompanied by points and authorities for consideration by the District Court.

2. This report and recommendation is not an appealable order and any notice of appeal pursuant to Fed. R. App. P. 4(a)(1) should not be filed until entry of the District Court's judgment.

### IV.  RECOMMENDATION

**IT IS THEREFORE RECOMMENDED** that defendants' motion to dismiss (#9) be **GRANTED** without prejudice.

**DATED**: July 24, 2006.

*/s/ Valerie P. Cooke*

**UNITED STATES MAGISTRATE JUDGE**